UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA KIRINCICH,

    Plaintiff,

v.                                          Case No. 8:20-cv-1997-WFJ-AAS

KILOLO KIJAKAZI,
**Acting Commissioner of**
**Social Security Administration,**[1]

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Melissa Kirincich requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for Social Security Disability benefits under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, the parties' joint memorandum, and Ms. Kirinchich's reply it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

## I.     PROCEDURAL HISTORY

Ms. Kirincich applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 17, 2017, alleging a disability onset date of August 1, 2017. (Tr. 236–59). Ms. Kirinchich's claim was denied initially and after reconsideration. (Tr. 163–82). A hearing was held before the ALJ on December 2, 2019. (Tr. 34–65). On February 5, 2020, the ALJ found Ms. Kirincich not disabled. (Tr. 12–33).

The Appeals Council denied Ms. Kirincich's request for review on July 23, 2020, making the ALJ's decision the Commissioner's final decision. (Tr. 1–6). Ms. Kirincich now requests judicial review of the Commissioner's final decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.     Background

Ms. Kirincich was thirty-nine years old at the time of her alleged disability onset date. (Tr. 25). Ms. Kirincich has a high school education and past relevant work as a data entry clerk. (*Id.*).

### B.     Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[2]

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.910.

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

The ALJ determined Ms. Kirincich met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. 17). The ALJ found Ms. Kirincich did not engage in substantial gainful activity since August 1, 2017, the alleged onset date. (*Id.*). The ALJ found Ms. Kirincich had these severe impairments: psoriatic arthritis, cervical and lumbar degenerative disc disease, bipolar disorder, generalized anxiety disorder, and major depressive disorder. (*Id.*). However, the ALJ found Ms. Kirincich's impairment or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 18).

The ALJ found Ms. Kirincich could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.697(a),[5] except:

> [Ms. Kirincich] can occasionally climb ramps and stairs. She can occasionally stoop, crouch, kneel and crawl. She can never climb ladders, ropes or scaffolds. She can reach occasionally overhead and frequently reach in all other directions as well as frequently handle, finger, and feel bilaterally. [Ms. Kirincich] can occasionally be exposed to weather, meaning outside atmospheric conditions; extreme temperatures; wetness; and humidity. She can never be exposed to unprotected heights or dangerous machinery with moving mechanical parts. [Ms. Kirincich] is further limited to simple, routine, and repetitive tasks.

---

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.697(a).

4

(Tr. 21).

Based on Ms. Kirincich's testimony at the administrative hearing, Ms. Kirincich's RFC, and the vocational expert's testimony, the ALJ determined Ms. Kirincich could not perform her past relevant work. (Tr. 25). The ALJ then determined Ms. Kirincich could perform other jobs that exist in significant numbers in the national economy, specifically as an order clerk, document preparer, and a touch screen operator. (Tr. 26). Thus, the ALJ found Ms. Kirincich not disabled from August 1, 2017, through the date of the decision. (*Id.*).

### III.   ANALYSIS

#### A.   Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

B.    **Issue on Appeal**

Ms. Kirincich contends the ALJ did not properly evaluate Ms. Kirincich's subjective complaints. (Doc. 21, pp. 23–32; Doc. 26). Specifically, Ms. Kirincich claims the ALJ failed to properly consider Ms. Kirincich's fibromyalgia, activities of daily living, and medications when addressing her subjective statements. (*Id.*). In response, the Commissioner argues Ms. Kirincich failed to establish the ALJ's evaluation of Ms. Kirincich's subjective complaints was unsupported by the evidence. (*Id.* at pp. 32–42).

Ms. Kirincich first argues the ALJ erred by failing to properly evaluate Ms. Kirincich's fibromyalgia when considering her subjective complaints.

6

> [F]ibromyalgia [is] a chronic disorder "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 77 Fed. Reg. 43,640, 43,641 (July 25, 2012).[6] The symptoms of fibromyalgia "can wax and wane so that a person may have bad days and good days." *Id.* at 43,644 (quotation marks omitted). For this reason, "longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful in establishing both the existence and severity of [fibromyalgia]." *Id.* at 43,642. "If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects" of the fibromyalgia symptoms, the ALJ will "consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." *Id.* at 43,643.

*Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 142–43 (11th Cir. 2019).

Even before the issuance of SSR 12-2p, the Eleventh Circuit recognized that fibromyalgia's "hallmark is ... a lack of objective evidence," as it "often lacks medical or laboratory signs and is generally diagnosed mostly on a [sic] individual's described symptoms." *Moore v. Barnhart*, 405 F.3d 1208, 1211

---

[6] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). "Even though the rulings are not binding on [federal courts], [they are] nonetheless accord[ed] great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (per curiam) (citing *B. ex rel. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981)). Courts also "require the agency to follow its regulations "where failure to enforce such regulations would adversely affect substantive rights of individuals." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1361 (11th Cir. 2018) (quotations omitted).

(11th Cir. 2005) (citing *Stewart v. Apfel*, No. 99-6132, 245 F.3d 793 (11th Cir. Dec. 20, 2000)); *accord Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 63 (11th Cir. 2010) ("We, along with several other courts, have recognized that fibromyalgia 'often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms,' and that the 'hallmark' of fibromyalgia is therefore 'a lack of objective evidence.'").

SSR 12-2p clarifies that a claimant's subjective statements about the effects of fibromyalgia are evaluated under the same standard as other subjective complaints of disabling symptoms,[7] which states:

> If the record shows that the claimant has a medically-determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers all of the record, including the objective

---

[7] *See* SSR 12-2p, 2012 WL 3104869, at *5 & n.17 (in evaluating a person's statements about his or her symptoms and functional limitations from fibromyalgia, the Commissioner follows "the two-step process set forth" in 20 C.F.R §§ 404.1529(b)-(c), 416.929(b)-(c), and SSR 96-7p); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) ("Social Security Ruling 12-2p provides guidance on how the SSA develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims. *See generally* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). It sets out a two-step process for evaluating symptoms, which involves (1) determining whether medical signs and findings show that the person has a medically determinable impairment, and (2) once a medically determinable impairment is established, evaluating the 'intensity and persistence of the person's pain or any other symptoms' and determining 'the extent to which the symptoms limit the person's capacity for work.' *Id*. Then, to decide whether a person is disabled based on a medically determinable impairment of fibromyalgia, the SSA considers the regular five-step sequential evaluation process used for any adult claim for disability benefits. *Id*.").

8

> medical evidence, the claimant's history, and statements of the claimant and her doctors. *Id.* § 404.1529(c)(1)-(2). The ALJ may consider other factors, such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to her pain or symptoms. *Id.* § 404.1529(c)(3). The ALJ then will examine the claimant's statements regarding her symptoms in relation to all other evidence and consider whether there are any inconsistencies or conflicts between those statements and the record. *Id.* § 404.1529(c)(4).

*Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831–32 (11th Cir. 2013).

While objective evidence is not required to substantiate a claimant's subjective claims as to fibromyalgia, the lack of such evidence is still a valid consideration under both SSR 12-2p and the symptom-evaluation regulations, 20 C.F.R §§ 404.1529(b)–(c), 416.929(b)–(c). It is not reversible error for an ALJ to note a lack of objective evidence, so long as the decision does not indicate the ALJ gave undue weight to this lack of evidence and that the ALJ considered both the medical and non-medical evidence in the record in evaluating the claimant's statements. *See Lorenzi v. Comm'r, Soc. Sec. Admin.*, 550 F. App'x 855, 857 (11th Cir. 2013) ("Although we have indicated that the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' . . ., the ALJ did not rely on the absence of objective evidence of Lorenzi's hand pain. Rather, the ALJ relied on the inconsistencies between Lorenzi's descriptions of her daily activities, the

9

objective medical evidence, and her claims of pain. The ALJ thus articulated explicit and adequate reasons for choosing to discredit Lorenzi's testimony.").

Ms. Kirincich argues that the ALJ solely considered her normal findings to refute her subjective complaints. The undersigned disagrees. The ALJ stated, "For the reasons described below, including grossly normal exam findings, the claimant's medical evidence does not demonstrate disabling limitations." (Tr. 22). The ALJ then gave reasons for determining Ms. Kirincich's subjective complaints about the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. (Tr. 22–25). The ALJ explained:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The claimant complained of joint pain throughout her body; however, objective testing was grossly normal, as were her physical exams. (Exhibits B16F, B20F, B22F, and B25F). Similarly, the claimant complained of irritability, mood swings, and social isolation, but her mental status exams were grossly normal. (Exhibits B15F, B19F, B23F, B24F, and B26F). Notably, the claimant was asymptomatic and doing well. (Exhibits B15F, B22F, B23F, B24F, and B25F). Moreover, the claimant cooked, clean, did laundry, and shopped. (Exhibits B4E, B16F, and Hearing Testimony). She performed her personal care, read books, and cared for her son and dog. (Exhibits B4E, B16F, and Hearing Testimony). These are all activities that fall within the confines of the above residual functional capacity assessment.

10

(Tr. 23).

The ALJ reviewed the medical evidence and noted that Ms. Kirincich's September 2017 bilateral wrist, elbow, and lumbar x-rays were normal. (Tr. 22, 641–45, 804–06). However, an August 2015 cervical MRI showed degenerative spondylosis with disc space narrowing and multilevel facet joint arthropathy as well as bulging discs and moderate bilateral foraminal narrowing. (Tr. 832). An October 2015 lumbar MRI revealed partial disc desiccation with multilevel facet joint arthropathy. (Tr. 834). Considering Ms. Kirincich's other diagnoses, the ALJ's consideration of the normal diagnostic findings was proper. *See Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 877 (11th Cir. 2014).

The ALJ noted that mental treatment notes indicate Ms. Kirincich's complaints of irritability, mood swings, depression, poor impulse control, frustration, diminished interest in activities, decreased self-esteem, and social isolation. (Tr. 22). The ALJ thus limited Ms. Kirincich to simple, routine, and repetitive tasks. (Tr. 21). Mental status exams showed Ms. Kirincich was alert, in no acute distress, and had appropriate mood. (Tr. 22). In October 2017, Ms. Kirincich had an appropriate mood and affect. (Tr. 229). A May 2018 and an August 2018 mental examination also revealed a normal mood and affect, attitude, speech, and thought process and content. (Tr. 22). In February and September 2018 and June 2019, Ms. Kirincich's reported a stable mood, sleep,

11

or appetite; and in March, June, and September 2019, Ms. Kirincich stated that she was "doing well." (Tr. 22–23).

The ALJ properly compared the symptoms in the record against Ms. Kirincich's subjective complaints about the intensity, persistence, and limiting effects of her symptoms. Considering the evidence of mild symptoms and improvement, the ALJ concluded that Ms. Kirincich's subjective complaints were not entirely consistent with the medical evidence and other evidence in the record. (*See* Tr. 21–24).

The ALJ also properly considered Ms. Kirincich's activities of daily living in evaluating Ms. Kirincich's allegations of disabling limitations. (Tr. 23–24, 50–57, 296–302). "A claimant's daily activities may be considered in evaluating and discrediting a claimant's subjective complaints." *Conner v. Astrue*, 415 F. App'x 992, 995 (11th Cir. 2011); *see Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) (per curiam) (considering the ability to perform such tasks as dialing a phone, writing, opening a door, buttoning, and unbuttoning in finding that a plaintiff retained the ability to perform sedentary work). Ms. Kirincich's cooked, cleaned, did laundry, and shopped. (Tr. 22, 57, 296–302, 727). She performed her personal care, read books, and cared for her son and dog. (Tr. 22, 57, 296–302, 727). The ALJ did not unduly rely on Ms. Kirincich's activities in deciding her claim, nor did the ALJ find Ms. Kirincich's activities to be dispositive of her abilities.

While Ms. Kirincich argues the ALJ failed to properly consider her medications and their side effects, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" as long as the decision is not "a broad rejection" that casts doubt on whether the ALJ considered the claimant's "medical condition as a whole." *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). And while the ALJ did not specifically list Ms. Kirincich's medications and their alleged side effects, she did state that she had considered all of Ms. Kirincich's symptoms based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16-p. (Tr. 21). These regulations provide an ALJ will consider "[t]he type, dosage, effectiveness, and side effects of any medications" when evaluating a claimant's testimony about her symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). Ms. Kirincich has not shown that the ALJ failed to consider her testimony about her medications and their alleged side effects when he evaluated her subjective pain testimony. *See Robinson v. Comm'r of Soc. Sec.*, 649 F. App'x 799, 802 (11th Cir. 2016) (finding that ALJ who did not specifically mention testimony about medication side effects considered side effects because she cited to regulations that said she had to consider medication side effects when evaluating the claimant's subjective pain testimony); *Nance-Goble v. Saul*, No. 4:20-CV-00369-CLM, 2021 WL 2401178, at *4 (N.D. Ala. June 11, 2021) (same).

13

While Ms. Kirincich had history of medical treatment, the evidence of record did not fully support Ms. Kirincich's allegations of disability. *See* SSR 12-2p, 2012 WL 3104869, at *5 ("If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, we consider all of the evidence in the case record, including . . . medications or other treatments the person uses, or has used, to alleviate symptoms . . . "). The ALJ's decision adequately indicates she properly evaluated Ms. Kirincich's subjective complaint, including her fibromyalgia, activities of daily living, and medications in reaching his disability determination. (*See* Tr. 21).

Thus, the record provides substantial evidence to support the ALJ's finding that Ms. Kirincich's subjective statements about her symptoms and limitations were inconsistent with the medical and other evidence.

## IV.   CONCLUSION

The ALJ's disability determination is supported by substantial evidence and should be **AFFIRMED**.

**RECOMMENDED** in Tampa, Florida January 25, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.