UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA KIRINCICH,

    Plaintiff,

v.                                            CASE NO. 8:20-cv-1997-WFJ-AAS

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

    Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkt. 1), and the well-reasoned report of United States Magistrate Judge Sansone recommending that the decision of the Commissioner be affirmed (Dkt. 27). Plaintiff, through counsel, filed timely objections. Dkt. 28. The Court determines a reply from the Commissioner is unnecessary.

    When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1): Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*,

896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff was found not disabled and was denied disability benefits. Plaintiff objects to the report and recommendation, arguing that the ALJ's credibility determinations are not supported by substantial evidence and the magistrate judge's decision should be rejected accordingly. First, she claims the ALJ improperly relied only on objective evidence, as opposed to the subjective evidence given by the claimant, in determining the severity of fibromyalgia (citing Tr. 22–25). If this is true, then the ALJ's decision is not supported by substantial evidence. Second, Plaintiff claims the ALJ relied too heavily on the objective evidence, psychiatric symptoms, and activities of daily living, because the claimant is unable to perform the activities of daily living as set forth by the ALJ. If so, substantial evidence does not support the finding regarding daily living activities.

While it is true that a claimant's subjective complaints of pain are often the only means of determining the severity of the patient's condition, the magistrate judge discussed applicable case law at length to support the ALJ's reliance on inconsistencies between the claimant's subjective complaints and the objective medical and other evidence in the record. Dkt. 27 at 6–12. Plaintiff's issue with

the ALJ's reliance on the psychiatric symptoms and activities of daily living is also without merit. As noted by the magistrate judge, the ALJ properly considered the medical evidence in addition to the claimant's subjective complaints regarding joint pain and psychiatric issues. *Id*. at 11–12. The Court agrees with the magistrate judge that the ALJ did not unduly rely on the claimant's activities, "nor did the ALJ find [the claimant's] activities to be dispositive of her abilities." *Id*. at 12.

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ, with regard to each specific objection lodged by Plaintiff, the Court agrees with the thorough report of the magistrate judge. The ALJ applied the correct legal standard in reaching a decision supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 28) are overruled.

2) The report and recommendation (Dkt. 27) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 7, 2022.

                                                                         WILLIAM F. JUNG
                                                                        UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record